[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13287
Non-Argument Calendar
_____

Agency No. A95-534-288

HENDRA GUNAWAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 28, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Hendra Gunawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' (BIA's) order, affirming the Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231(b)(3), and relief under the United Nations Convention Against Torture (CAT), 8 C.F.R. § 208.16(c). Gunawan asserts the BIA erred in finding his testimony was not credible because: (1) the IJ improperly relied on the fact his application was found in the home of a man who had been charged with filing a fraudulent application for asylum; (2) the discrepancy between the mailing address listed on Gunawan's asylum application and his testimony at the hearing that he did not reside at that address was insufficient to support the IJ's adverse credibility finding; (3) the fact he did not apply for asylum before arriving in the United States had no bearing on his credibility; (4) his failure to submit corroborating medical evidence that he was attacked by a group of Muslim Indonesians did not show his testimony lacked credibility; (5) the IJ failed to address specifically Gunawan's "countenance, modulation or pace of speech and other non-verbal factors" in determining his demeanor showed a lack of credibility; and (6) the determination was improperly based on Gunawan's failure to produce letters or affidavits from family members in Indonesia corroborating his claims. Gunawan also contends he was not required to prove he would be singled out for persecution because he demonstrated a pattern

2

and practice of persecution of similarly situated persons based on religion. He asserts he established he suffered persecution, such persecution was sanctioned by the Indonesian government, and he would not avoid persecution by relocating to another part of the country.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA in this case issued its own opinion and did not expressly adopt the IJ's findings below, we review only the BIA's decision.[1] *See id.* As an initial matter, because we review only the BIA's decision, we need not address Gunawan's arguments that (1) the IJ improperly relied on the discrepancy between the mailing address listed on his asylum application, (2) the IJ improperly relied on the fact his application was found in the residence, or (3) the IJ erred in finding that he failed to establish that he would be "singled-out" and tortured by the government if removed to Indonesia. These findings were not made by the BIA in its decision denying relief.

Findings of fact are reviewed under the highly deferential substantial evidence test, which requires us to "view the record evidence in the light most

---

[1]Because we lack jurisdiction under 8 U.S.C. § 1158(a)(3) to review the BIA's determination that Gunawan's application was untimely or failed to establish changed or extraordinary circumstances that would excuse the delay, we address only the BIA's denial of withholding of removal and CAT relief. *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).

favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Our review therefore is "limited to whether the BIA's decision was supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007) (quotations omitted). When reviewing the denial of withholding of removal, the BIA's "findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002) (quotations omitted).

An applicant may establish eligibility for withholding of removal by establishing either that he was subject to past persecution in his country based on a protected ground, or "that it is more likely than not that [he] would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country." *Tan*, 446 F.3d at 1375. The burden of proof is upon the alien to show his eligibility for withholding of removal under the INA. *Id.* If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). "Conversely, an adverse credibility determination alone may be sufficient to

support the denial of an . . . application." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

We review credibility determinations under the substantial evidence test and "may not substitute [our] judgment for that of the BIA with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). Like any finding of fact, a credibility determination "may not be overturned unless the record compels it." *Forgue*, 401 F.3d at 1287 (quotations omitted). Once an adverse credibility finding is made, the burden is on the applicant alien to show the credibility determination was not supported by specific, cogent reasons or was not based on substantial evidence. *Id.* Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments. *See In re B-*, 21 I & N Dec. 66, 70 (BIA 1995). While an applicant's uncorroborated but credible testimony may be sufficient to sustain the burden of proof, we have observed "[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

The BIA's determination that Gunawan failed to meet his burden of establishing eligibility for withholding of removal, based primarily on its finding that Gunawan's testimony was not credible, was supported by substantial evidence. The record reflects that Gunawan's testimony with regard to the alleged

5

persecution he suffered in September 2000 was materially inconsistent with statements he made in his asylum application and declaration. In his declaration, he stated two men attacked him and his cousin, and he was driving the car when the attackers forcibly entered the vehicle and ordered him, at knife-point, to drive to a deserted location. At the hearing, however, Gunawan testified that at least four individuals hijacked the car, and his cousin had been driving. The BIA also specifically noted Gunawan was unable to recall how long he had been hospitalized following the alleged attack, and provided no explanation as to why he did not have any medical documentation of his injuries or hospitalization, or any documentation corroborating the attack. Further, in light of the inconsistencies between Gunawan's asylum application and testimony, it was not, contrary to Gunawan's assertion, improper for the BIA to consider Gunawan's failure to provide corroborating evidence of the alleged attack. *See Yang*, 418 F.3d at 1201. Additionally, the fact Gunawan suffered no persecution in the two-week period between his leaving the hospital and departing for the United States, and that his family continued to live safely in Indonesia, undermined the credibility of his claims, and provided substantial evidence for the BIA's finding that Gunawan was not eligible for withholding of removal.

In sum, given the inconsistencies in the record and the lack of documentary evidence corroborating Gunawan's allegations of persecution, the record does not

support, let alone compel, reversal of the BIA's finding that Gunawan did not testify credibly. *See Fahim*, 278 F.3d at 1218. Because the BIA's credibility determination alone was sufficient to support denial of withholding of removal, we deny Gunawan's petition for review of the BIA's denial of withholding of removal. *See D-Muhumed*, 388 F.3d at 819 (stating in light of inconsistencies supported by the record, the IJ's judgment with respect to its credibility findings would not be disturbed).

To establish eligibility for CAT relief, the applicant bears the burden of proving it is more likely than not he would be tortured if returned to his country. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person for . . . any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). This Court has held a government does not "acquiesce" to torture by failing to apprehend those responsible for the harm suffered. *See Reyes-Sanchez*, 369 F.3d at 1242-43.

The BIA's finding that Gunawan failed to meet his burden of establishing eligibility for CAT relief likewise was supported by substantial evidence because the record does not compel a finding that Gunawan would be tortured if he were

returned to Indonesia. The record reveals Gunawan did not report the 2000 attack to Indonesian authorities, and therefore, he could not show the Indonesian government even knew about the attack, let alone "acquiesced" in the harm inflicted upon him. Although the country reports note that police had made little if any progress in quelling the violence or prosecuting those responsible, Gunawan presented no evidence from which to infer the harm he allegedly suffered was by, at the instigation of, or with the consent or acquiescence of Indonesian government authorities. *See id.* Therefore, the BIA's finding that Gunawan failed to establish a likelihood he would be tortured by or with the consent of a public official if returned to Indonesia was supported by substantial evidence, and his claim for CAT relief fails.

**PETITION DENIED.**